# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| MIKOL KELSIC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:12-cr-00073-GZS-2 |
| | ) | 2:13-cv-00431-GZS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON
## 28 U.S.C. § 2255 MOTION,
## MOTION FOR CORRECTION OF SENTENCE
## AND
## MOTION FOR DEFAULT JUDGMENT

Petitioner Mikol Kelsic has filed three motions, which are currently pending before the Court. Petitioner first filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. §2255. (Motion, ECF No. 88.) After the Government responded by asking that Petitioner's section 2255 motion be summarily dismissed (Response, ECF No. 105), Petitioner requested dismissal of his section 2255 motion without prejudice on grounds that he is "too busy" to respond. (Reply, ECF No. 117.) Petitioner also filed a motion for a sentence correction based on an alleged "clerical error." (Motion ECF No. 118.) Petitioner later filed a motion for a default judgment on his motion for a sentence correction. (Motion, ECF No. 124.)[1]

As explained below, following a review of the pleadings, and after consideration of the parties' arguments, the recommendation is that the Court deny the motions.

---

[1] Petitioner also filed a motion for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the United States Sentencing Guidelines. (Motion, ECF No. 121.) The Court denied that motion. (Order, ECF No. 125.)

# I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was arrested on May 10, 2012, on an indictment for conspiracy to distribute and to possess with intent to distribute various controlled substances, including cocaine, cocaine base, heroin, and oxycodone. (Indictment, ECF No. 3.) A superseding indictment charged an unspecified amount of cocaine, 28 grams or more of cocaine base, 100 grams or more of heroin, and an unspecified amount of oxycodone. (Superseding Indictment, ECF No. 19 at 1.)

In September 2012, pursuant to a plea agreement, Petitioner pled guilty to the superseding indictment. (Plea Agreement, ECF No. 44; Minute Entry, ECF No. 48.) During the plea colloquy, Petitioner told the Court that he understood the charges in the superseding indictment and that counsel had explained the possible penalties, which, the Court explained, included a term of imprisonment of not less than five years and not more than forty years. (Plea Tr., ECF No. 98 at 5-6.) The Court further explained that by pleading guilty, Petitioner would give up his right to a trial and trial-related rights, as well as the right of appeal, except in very limited circumstances. (*Id.* at 7-8.)

In response to the Court's questions, Petitioner told the Court that he had reviewed the prosecution version of the facts, he understood it, and that the version was true to his personal knowledge. (*Id.* at 10.) The prosecution version asserts that Petitioner's co-defendant, Peter Risko, supplied cocaine base, heroin, cocaine and fraudulent prescriptions for oxycodone to multiple people in Maine between August 2011 and March 2012, and that Petitioner was a courier for Risko. (Prosecution Version, ECF No. 47 at 1.) Based on Petitioner's admission, counsel's statement that he reviewed the prosecution version with Petitioner and was satisfied that the Government could produce the evidence contained in the prosecution version, and that the

admissible portions of the prosecution version would permit a jury to find Petitioner guilty, the Court found a factual basis for Petitioner's guilty plea. (Plea Tr. at 9-10.)

When asked by the Court whether anyone had threatened Petitioner or attempted to force him to plead guilty, Petitioner responded: "Not at all, sir." (Plea Tr. at 10.) The Court also engaged Petitioner as follows: "[T]here's nothing in this plea agreement that ties my hands with regard to what sentence I can give you. I can give you any lawful sentence; do you understand that?" Petitioner responded: "Yes, sir." (*Id.* at 12.) The Court told Petitioner: "I want you to know that I don't have to go along with the agreements you have made with the Government. If I refuse to go along with any or all of those agreements, I'm not going to permit you to take back your plea of guilty; do you understand?" (*Id.*) Petitioner responded: "I understand." (*Id.*) The Court found that Petitioner offered the plea knowingly and voluntarily, and the Court accepted Petitioner's guilty plea. (*Id.* 17-18.)

In May 2013, the sentencing hearing was held, at which hearing the Government recommended a sentence of 48 months. (Sentencing Tr., ECF No. 99 at 1, 13.) Based on the calculations set forth in the presentence investigation report, and incorporating a *Landrón-Class* downward variance based on Petitioner's cooperation,[2] Petitioner requested a sentence of 36 months. Counsel told the Court that he believed that if the Court imposed a 36-month sentence, Petitioner would likely not qualify for time off if he were to complete a residential drug abuse program, but rather Petitioner would serve the entire sentence.[3] (*Id.* at 17-18.)

---

[2] *See United States v. Landrón-Class*, 696 F.3d 62, 77 (1st Cir. 2012) (holding that "in determining the appropriate sentence within the guidelines, or in varying from the guidelines, a sentencing court has discretion to consider the defendant's cooperation with the government as a § 3553(a) factor, even if the government has not made a USSG § 5K1.1 motion for a downward departure").

[3] *See* 18 U.S.C. § 3621(e)(2)(B); *Lopez v. Davis*, 531 U.S. 230, 241-44 (2001) (holding that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau [of Prisons] . . . has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment," and that "the Bureau may categorically exclude prisoners based on their preconviction conduct").

The Court found, consistent with the presentence investigation report, that the base offense level was 30 and the total offense level was 23 after a reduction of two levels because Petitioner met the criteria for the safety valve provision, U.S.S.G. §§ 2D1.1(b)(16), 5C1.2; a reduction of two levels for Petitioner's limited role in the offense, § 3B1.2(b); and a reduction of three levels for Petitioner's acceptance of responsibility, § 3E1.1(a), (b). (Sentencing Tr. at 20.) The Court found that Petitioner's criminal history category was I, which, when combined with the total offense level of 23, yielded an advisory range of 46 − 57 months. (*Id.*) Based on Petitioner's cooperation, the Court reduced the sentence by three months below the low end of the guidelines range. (*Id.* at 22.)[4] The Court thus sentenced Petitioner to a term of 43 months of imprisonment and three years of supervised release. (Judgment, ECF No. 86 at 2-3.) In accordance with Petitioner's plea agreement, Petitioner did not appeal the conviction or the sentence.

In November 2013, Petitioner filed the section 2255 motion, in which he asserted four numbered grounds, which contained six arguments for relief based on alleged ineffective assistance of counsel. First, Petitioner alleged that counsel misadvised him regarding sentencing. Specifically, he asserted that counsel was deficient because he failed to inform Petitioner that he was not eligible for the residential drug abuse treatment program and, therefore, that he could not earn an earlier release through participation in the program. (Motion at 4.) Second, Petitioner alleged that counsel failed to communicate with him and silenced his concerns about the presentence investigation report, which Petitioner maintained was inaccurate with respect to the drug quantity. (*Id.* at 6-8.) Third, Petitioner argued that counsel coerced him into signing a proffer

---

[4] The Court noted that although Petitioner signed a proffer agreement, he refused to testify and, therefore, failed to fulfill the requirements of the agreement. Based on its conclusion that Petitioner's proffer was of some value despite his refusal to testify, the Court granted a three-month downward variance. *See Landrón-Class*, 696 F.3d at 77.

agreement and withdrawing a request that he had made for new counsel. (*Id.* at 11-12.)[5] Fourth, Petitioner asserted a combination of ineffective assistance of counsel and prosecutorial misconduct regarding the use of inaccurate information from persons who were cooperating with the Government. (*Id.*) Fifth, Petitioner alleged that counsel failed to submit complete and current evidence of Petitioner's participation in jail programs for purposes of mitigation at sentencing. (*Id.* at 13.) Sixth, Petitioner alleged that counsel failed to inform him of his right to a direct appeal. (*Id.*)

In March 2014, the Government filed a response that included a request for summary dismissal of Petitioner's section 2255 motion. (Response, ECF No. 105.) In July 2014, Petitioner filed his reply in which he requested dismissal of his section 2255 motion without prejudice. In particular, Petitioner wrote in his reply:

> I have thoroughly read through and deciphered [the Government's response]. Although there are fundamental differences of opinion, factual matters, etc. . . I have decided that I am simply **TOO BUSY** planning ahead for my future (as well as finishing the final months of my incarceration) to continue to respond to my § 2255 of November 2013.

(Reply, ECF No. 117.) (emphasis in original).

In July 2014, Petitioner filed a motion to correct his sentence. (Motion to Correct Sentence, ECF No. 118.) In that motion, Petitioner asserted that he found an error in a date in some discovery he was reviewing.[6] He alleged that the discovery erroneously states that an interview of a source that Petitioner claims was co-defendant Risko took place in May 2011, when in fact, he alleges,

---

[5] Petitioner apparently refers to the letter that is docketed at ECF No. 38-1 (sealed).

[6] The Government represents that the discovery at issue (ECF No. 118-1) was produced to Petitioner in his underlying criminal case. (Response to Motion to Correct Sentence, ECF No. 119 at 4.)

the interview took place a year later, in May 2012.[7] (Motion to Correct Sentence, ECF No. 118 at 1.)

In August 2014, the Government filed its response to Petitioner's motion to correct the sentence. The Government argued (1) that the Court should dismiss the motion because the issue that Petitioner raised should have been included in Petitioner's section 2255 motion; (2) that the issue is time-barred, pursuant to 28 U.S.C. § 2255(f)(1), because the issue was raised for the first time after the one-year limitation period; (3) that the issue is procedurally barred; and (4) that Petitioner's argument is meritless. (Response, ECF No. 119.)

In September 2014, Petitioner filed a reply, largely reiterating the arguments that he asserted in the motion to correct the sentence. (Reply, ECF No. 120.) In February 2015, Petitioner filed a motion for a default judgment on his motion to correct the sentence. (Motion for Default Judgment, ECF No. 124.)

## II. DISCUSSION

### A. Voluntary Dismissal of Section 2255 Claims

In repeated filings, Petitioner unequivocally requested dismissal of his section 2255 motion. (ECF Nos. 117, 118 at 1, 120 at 1, 124 at 1.) Petitioner does not seek a voluntary dismissal of his request for a correction of his sentence for an alleged clerical error or his motion for a default judgment.

Preliminarily, Petitioner may not simply dismiss the matter without prejudice after the Government filed its response. Rather, as provided in Rule 41(a)(2), a court order is required, and

---

[7] The discovery identifies the person interviewed as "CD-1". (Attachment, ECF No. 118-1.) Petitioner alleges that "CD-1" was his co-defendant, Peter Risko. The Government does not confirm or deny that the interviewee was Risko, but rather argues that there was no error in this Court's record that resulted in prejudice to Petitioner or that would give rise to a section 2255 claim. (Response to Motion to Correct Sentence, ECF No. 119 at 7.)

the Court may grant the dismissal "on terms that the court considers proper."[8]  In addition, when a petition lacks merit, the petition may be dismissed with prejudice regardless of whether a petitioner has requested dismissal without prejudice.  *See Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004) (per curiam).[9]  As discussed below, because Petitioner's section 2255 claims lack merit, the petition should be dismissed with prejudice.

## B.  The Merits

### 1.  Legal Standard

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of

---

[8] Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts states: "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Rule 41(a) of the Federal Rules of Civil Procedure addresses voluntary dismissal.  Rule 41(a)(1) provides for dismissal without a court order before the opposing party serves an answer.  Because the Government has filed its response, the dismissal in this case would be pursuant to Rule 41(a)(2), which states in pertinent part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

[9] A dismissal with prejudice acts as a significant barrier to any subsequently-filed section 2255 motion because the subsequently-filed motion likely would be subject to the gatekeeping requirements of 28 U.S.C. § 2255(h).  *See Thai v. United States,* 391 F.3d 491, 494 (2d Cir. 2004) (per curiam) ("This Court has often stated that an initial petition will 'count' where it has been adjudicated on the merits or dismissed with prejudice.")  Title 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain---
>
> (1)      newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)      a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

"[A]n initial petition that is dismissed without prejudice because it contains curable procedural defects or because it presents unexhausted claims is not a first petition for purposes of §§ 2244 and 2255."  *Thai*, 391 F.3d at 495.  However, when the initial petition would have been dismissed on the merits in any event, a voluntary dismissal is with prejudice.  *See id.*  ("When the grounds of the prior dismissal are beyond dispute, it should make little difference under § 2255 whether the district court dismissed the motion on its own initiative or upon request of a petitioner.').

the maximum authorized by law"; and (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).[10] Here, given that Petitioner alleges ineffective assistance of counsel, and given that Petitioner's right to counsel is guaranteed by the Sixth Amendment, Petitioner argues that the sentence was imposed in violation of "the Constitution or laws of the United States."    The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When a claim is procedurally defaulted because it was not raised in a direct appeal, it may not be raised in a section 2255 motion unless the petitioner demonstrates either cause and prejudice, or, alternatively, that the petitioner is actually innocent. *See Damon v. United States*, 732 F.3d 1, 4 (1st Cir. 2013).

On a claim of ineffective assistance of counsel, a petitioner "must establish both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Turner v. United States*, 699 F.3d 578, 584 (1st Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). The two prongs of the ineffective assistance test are commonly referred to as the "cause" and "actual prejudice" tests. *Bucci v. United States*, 662 F.3d

---

[10] Title 28 U.S.C. § 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

18, 29 (1st Cir. 2011). As for the "cause" test, the court must be "a 'fairly tolerant' one because 'the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or a successful defense.'" *Moreno-Espada v. United States*, 666 F.3d 60, 65 (1st Cir. 2012) (quoting *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994)). The issue is whether counsel's performance was "'within the wide range of reasonable professional assistance' that a competent criminal defense counsel could provide under 'prevailing professional norms.'" *Bucci*, 662 F.3d at 30 (quoting *Strickland*, 446 U.S. at 688-89).

A district court that reviews such claims is not required to address both prongs of the test because a failure to meet either prong will undermine the claim. *Strickland*, 446 U.S. at 697. "Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954).

## 2. Grounds Asserted and Analysis

### a. Claim of ineffective assistance of counsel regarding drug abuse treatment program

Petitioner alleges that counsel incorrectly advised him that he would qualify for a drug abuse treatment program, completion of which would qualify him for a possible sentence reduction at the discretion of the Bureau of Prisons. *See* 18 U.S.C. § 3621(e)(2)(B); *Lopez v. Davis*, 531 U.S. 230, 241-44 (2001). Petitioner contends that counsel erred when he advised Petitioner that Petitioner had an option of either a 43-month sentence with the treatment program and time off, or a 36-month sentence without the program. (Motion, ECF No. 88 at 4.) Petitioner asserts that the

Bureau of Prisons eventually informed him that he did not qualify for the program due to unresolved charges in New Jersey. (*Id.*)[11]

Given that the Court recommended the treatment program (Sentencing Tr. at 23, 25), it is conceivable that counsel did not advise either Petitioner or the Court that Petitioner might be ineligible for the program due to unresolved charges. Regardless of counsel's representations regarding the treatment program, however, Petitioner cannot prevail on this argument because he does not assert, and the record does not support the conclusion that Petitioner would not have entered the plea had he been aware that he was ineligible for benefits from completing the treatment program. To the contrary, Petitioner understood that he was not guaranteed a particular sentence upon his plea. Indeed, Petitioner told the Court in the plea hearing that he understood that the Court would not be bound by the recommendations of either Petitioner's counsel or the Government, and that it could impose a sentence up to a maximum of forty years. (Plea Tr. at 6, 12.) Given the strength of the evidence against Petitioner on the underlying charge, Petitioner cannot demonstrate that he would not have pled guilty had he known he would not be eligible for the program. (Plea Tr. at 10.) *See Hill*, 474 U.S. at 59.

Furthermore, the fact that counsel did not advise Petitioner about his eligibility for the program, if proven, cannot support Petitioner's claim for relief under section 2255. "'[A]n inaccurate prediction about sentencing will generally not alone be sufficient to sustain a claim of ineffective assistance of counsel.'" *Forsyth v. Spencer*, 595 F.3d 81, 86 n.4 (1st Cir. 2010) (quoting *Knight*, 37 F.3d at 775). Here, the record establishes that Petitioner cannot demonstrate

---

[11] Petitioner attaches to his section 2255 motion a document entitled "Notice of RDAP Qualification," and dated August 2, 2013, indicating that he was not qualified "due to an unknown disposition" of charges, in a municipal court in New Jersey, of forgery and obtaining a controlled substance by fraud. (Motion, ECF No. 88 at 4; Notice, ECF No. 88-4.) The Court referenced these charges at sentencing, stating that the sentence was imposed without regard to them because the record contained only a reference to an arrest, and the case disposition was unknown. (Sentencing Tr. at 21-22.)

the requisite prejudice. At sentencing, Petitioner, through counsel, urged the Court to impose a 36-month sentence with the knowledge that Petitioner might not qualify for an earlier release for completion of the treatment program. (Sentencing Tr. at 17-18.) That is, Petitioner's sentencing argument did not contemplate a reduction in time as the result of participation in the program. In addition, the Court did not base the length of the sentence on the expectation that Petitioner would be accepted for and complete the treatment program.[12] Finally, although the Court recommended Petitioner for the treatment program, eligibility is within the discretion of the Bureau of Prisons, not the Court. *See Lopez*, 531 U.S. at 241-44.

### b. Claim of ineffective assistance of counsel regarding the drug quantity

Petitioner contends that the revised presentence investigation report inaccurately stated the drug quantities and implicated him in quantities for which he was not responsible. (Motion at 6-9.) Petitioner argues that counsel "exhibited poor docket control," and counsel failed to tell him that the Court might rely on the presentence investigation report to determine the drug quantities for purposes of determining the sentence. (*Id.* at 7.) Petitioner asserts that counsel silenced his protests during the sentencing process, and that he is entitled to have the drug quantity determined by proof beyond a reasonable doubt. (*Id.* at 7-8.)

---

[12] In *Tapia v. United States*, 131 S. Ct. 2382 (2011), the Supreme Court held that the "Sentencing Reform Act precludes federal courts from imposing or lengthening a prison term in order to promote a criminal defendant's rehabilitation." *Id.* at 2385. However, "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." *Id.* at 2392. In *Tapia*, the Supreme Court concluded that the district court impermissibly "may have calculated the length of Tapia's sentence to ensure that she receive[d] certain rehabilitative services." *Id.* at 2393.

In Petitioner's case, in contrast, the Court did not impose or lengthen the prison term to ensure that Petitioner received rehabilitative services. Rather, the Court determined the length of the prison term based on the advisory guideline range and the sentencing factors set forth in 18 U.S.C. § 3553(a). (Sentencing Tr. at 21.) The Court noted that the most important of the factors were the nature and circumstances of the offense, Petitioner's history and record, the seriousness of the offense, the need to promote respect for the law, and the need for just punishment. (*Id.*) The Court discussed opportunities for rehabilitation with a 500-hour comprehensive drug treatment program, but it did not either impose or lengthen the term of the sentence to ensure that Petitioner would be eligible for the program. (*Id.* at 23.)

Simply stated, Petitioner's ineffective assistance claim regarding the drug quantity is waived and, therefore, is procedurally defaulted. *See Damon*, 732 F.3d at 4. At sentencing, in response to the Court's questions, Petitioner told the Court that he had received the revised presentence investigation report, and that he had had enough time to review it with counsel. (Sentencing Tr. at 5.) Petitioner and counsel each told the Court that although Petitioner disagreed with some of the drug quantities in the report, the discrepancies were not enough to make a difference in the sentencing guidelines, which Petitioner agreed would yield a base offense level of 30. (*Id.* at 5-7.)[13] The Court explained to Petitioner that he could present evidence as to drug quantities if he chose to contest the quantities set forth in the report. (*Id.* at 6-8.) Petitioner told the Court that he chose not to contest the revised presentence investigation report. (*Id.* at 7-8.) The Court confirmed with Petitioner several times that Petitioner did not want to introduce evidence to contest the drug quantity. (*Id.* at 6-8.) Petitioner thus waived the issue of drug quantity. *See United States v. Silva*, 554 F.3d 13, 22 (1st Cir. 2009) (holding, on direct appeal, that when the defendant stated at sentencing that he was not arguing a particular issue, the defendant waived that issue). Based on the waiver, the issue is procedurally defaulted.[14] *See*

---

[13] In Petitioner's section 2255 motion, he contends that there was no support in the discovery for holding him responsible for a quantity of 400 grams of cocaine base. (Motion, ECF No. 88 at 6.) However, at sentencing, Petitioner specifically told the Court that he chose not to contest the drug quantities because the contested amounts would have no effect on the sentencing guidelines range. (Sentencing Tr., ECF No. 99 at 7-8.) Petitioner stated later on in the hearing that he contested the 400-gram quantity in particular. (*Id.* at 18.) Thus, to the extent Petitioner continued to object to that quantity, he mentioned this in his allocution, and the Court took into account Petitioner's allocution in determining the sentence. (*Id.* at 20.) Petitioner thus was not prejudiced by counsel's advice and argument at sentencing.

[14] Petitioner's argument that the Government violated U.S.S.G. § 1B1.8 (Motion at 7) is also procedurally defaulted, and any claim of cause and prejudice is meritless. Section 1B1.8 provides that when the Government agrees, pursuant to a cooperation agreement, not to use self-incriminating information against the defendant, that information may not be used to determine the applicable guideline range except as provided in the cooperation agreement. As the Government points out, however, some of the information in the revised presentence investigation report was based on a third party proffer, and section 1B1.8 is not applicable to that information. (Response at 23 & n.11.)

*United States v. Frady*, 456 U.S. 152, 165 (noting that the Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal").

Even if Petitioner had preserved his challenge to the presentence investigation report, Petitioner could not prevail on the claim because he could not establish cause or prejudice. The revised presentence investigation report states that the initial report was prepared on November 9, 2012. On November 21, 2012, Petitioner, through counsel, filed an agreed motion to extend by two weeks the date to respond to the presentence investigation report, and the Court granted the motion. (Motion to Extend, ECF No. 55; Order, ECF No. 56.) The stated reason for the motion was to give counsel more time to meet with Petitioner and review the matter before submitting a response to the initial presentence investigation report. (Motion to Extend at 1.) According to the revised presentence report, Petitioner submitted objections by letter received on December 7, 2012, and "[a]ll objections were resolved through alteration of the report."

Petitioner has not demonstrated cause or prejudice regarding counsel's performance at either the plea hearing or the sentencing hearing. Before Petitioner pled guilty, the Court informed Petitioner that it could not determine the sentencing guideline range until after the Court reviewed the presentence investigation report. (Plea Tr. at 15.) The Court informed Petitioner that he and counsel would have the opportunity to object to any alleged errors in the report. (*Id.* at 15-16.) The Court explained that it had the authority to impose a sentence either less or more than the advisory range, and Petitioner would not have, at that point, the option of withdrawing the guilty plea. (*Id.* at 16.) Petitioner pled guilty with full knowledge of the content and import of the presentence investigation report. Petitioner thus cannot prove that he was prejudiced.

At sentencing, the Court pointed out to Petitioner, he was "very fortunate in being able to get the safety valve." (Sentencing Tr. at 22.) If Petitioner had contested the drug quantity at

sentencing, he would have risked losing the three-point reduction for acceptance of responsibility and the two-point reduction for the safety valve. In that case, his total offense level would have been 28 and the advisory guidelines range would have been 78-97 months in prison. Instead, the Court applied both reductions, Petitioner's sentence was below the statutory mandatory minimum 60-month term, and the Court additionally granted a 3-month reduction below the 46-month low end of the guidelines range, based on Petitioner's cooperation.[15] (Sentencing Tr. at 22-23.) Petitioner, therefore, could not prove that a challenge to the drug quantity would have resulted in a lesser sentence.

### c. Claim of ineffective assistance of counsel regarding request for new counsel

Petitioner alleges in his section 2255 motion that counsel coerced him into withdrawing a motion that he had filed requesting the appointment of new counsel. (Section 2255 Motion at 12.) Petitioner alleges that on July 20, 2012, he wrote a letter to counsel asking that counsel withdraw to permit Petitioner to obtain new counsel. (Section 2255 Motion at 11-12; Letter, ECF No. 88-1.) Petitioner's July 20th letter to counsel was filed on July 23, 2012, as an *ex parte* motion for new counsel. (Sealed Ex Parte Motion for Appointment of New Counsel, ECF No. 35.) The Court scheduled a sealed *ex parte* hearing on the motion (ECF No. 37), but on August 1, 2012, before the hearing was held, counsel filed a notice withdrawing the request. (ECF No. 38.) Attached to the notice was a letter from Petitioner stating that he had "reconsidered" the request, he was "content to go forward with [counsel]," and he wished to withdraw the request for new counsel. (Letter, ECF No. 38-1.) Petitioner's section 2255 motion alleges that on July 30 and August 1,

---

[15] The statutory mandatory minimum for 100 grams or more of heroin and 28 grams or more of cocaine base is five years. 21 U.S.C. § 841(b)(1)(B)(i), (iii). The "safety valve" statute, 18 U.S.C. §3553(f), provides that the Court shall impose a sentence pursuant to the sentencing guidelines, without regard to any statutory minimum sentence, if the defendant meets the requirements set forth in the statute.

2012, counsel coerced him into signing "5K" cooperation papers and the notice withdrawing his request for new counsel. (Section 2255 Motion at 12.)[16]

The record does not support Petitioner's allegation that counsel coerced him to withdrawing his request for new counsel. On August 1, 2012, in the notice filed to withdraw the motion for new counsel, counsel represented to the Court that "the relationship between counsel and client has improved, communication is positive, and both counsel and the defendant wish to simply move forward with the case without the need for appointment of new counsel." (Notice, ECF No. 38.) Although Petitioner alleges that he was acting under duress on August 1, 2012, Petitioner's own actions in late August and September 2012 are consistent with counsel's representations. Petitioner signed both the plea agreement and the mandatory supplement on August 27, 2012, stating as to each document that Petitioner understood and signed voluntarily. (Plea Agreement, ECF No. 44 at 5; Mandatory Supplement, ECF No. 45 at 5.)

At the plea hearing on September 21, 2012, Petitioner authorized counsel to speak for him, and Petitioner did not suggest that he did not want to be represented by his appointed counsel or that he wanted new counsel. (Plea Tr. at 3.) When the Court asked Petitioner whether he understood the plea agreement and the mandatory supplement, and whether he signed them voluntarily, Petitioner responded that he did. (Plea Tr. at 14.) "[T]he presumption of truthfulness of the [Fed. R. Civ. P. 11 colloquy] statements will not be overcome unless the allegations in the § 2255 motion . . . include credible, valid reasons why a departure from those earlier contradictory statements is now justified." *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984).

---

[16] Petitioner refers to U.S.S.G. §5K1.1, which provides in part that "[u]pon motion of the Government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." Petitioner did sign a proffer agreement on August 1, 2012. (Proffer Agreement, ECF No. 105-1 at 2.) However, the Court noted at sentencing that because Petitioner refused to testify, the Government did not file a motion pursuant to section 5K1.1 in this case. (Sentencing Tr. at 22.)

In a November 24, 2012, *pro se* letter to the Court, Petitioner asked the Court to contact counsel regarding any case developments, thereby confirming that he had a continuing relationship with counsel. (Letter, ECF Nos. 59, 88-3.) Petitioner's own statements and actions thus undermine his claim of coercion and preclude any finding of prejudice. *See David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)) (noting that the Court should not grant an evidentiary hearing on the basis of allegations that lack credibility); *Turner*, 699 F.3d at 584. Petitioner, therefore, cannot prevail on his ineffective assistance claim.

### d. Claim of ineffective assistance of counsel and prosecutorial misconduct regarding information from persons cooperating with the Government

Within Petitioner's claim that the notice of withdrawal of the request for new counsel was coerced, he includes an allegation that the Government used counsel as a "pawn" in prosecutorial misconduct. (Motion at 12.) Although Petitioner does not specifically describe the claim of prosecutorial misconduct, Petitioner alleges that "CI's" (presumably confidential informants) provided erroneous information, and he references an unspecified enclosure. (*Id.*) "To progress to an evidentiary hearing, a habeas petitioner must do more than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wings." *David*, 134 F.3d at 478. Petitioner's allegations are simply too vague and generalized to support a claim for relief under section 2255.

### e. Claim of ineffective assistance of counsel regarding Petitioner's participation in jail programs

Petitioner contends that the jail course program certificate documents that counsel submitted to the Court by letter dated May 10, 2013, which was the date of the sentencing hearing, which documents were discussed at the chambers conference just before the sentencing hearing, did not reflect the current information that Petitioner had provided to counsel regarding his

participation. (Motion at 13; ECF No. 88-2; Sentencing Tr. at 3). Petitioner alleges that as a result of the error, the information provided to the Court only included approximately one-half of the class hours in which he participated. (Motion at 13.)

In the pre-sentencing chambers conference, counsel told the Court that Petitioner had brought with him from jail "some updated versions of his participation in programs." (Sentencing Tr. at 3.) At sentencing, the Court said that it had reviewed all of the certificates provided by counsel, "including the drug and alcohol, anger management, domestic violence, life skills, Alcoholics Anonymous," along with a letter indicating completion of the courses and the updates. (*Id.* at 10.) Petitioner was present when the Court recited this list, and if he believed that particular courses had been omitted, he had the opportunity to correct the record during his allocution, but he failed to do so. (*Id.* at 18-19.) Furthermore, even if Petitioner had told the Court about alleged additional course hours, it is unlikely that the additional information would have altered Petitioner's sentence. *Compare Sears v. Upton*, 561 U.S. 945, 954-55 (2010) (per curiam) (quoting *Strickland*, 466 U.S. at 700) (noting that "there is no prejudice when the new mitigating evidence 'would barely have altered the sentencing profile presented' to the decisionmaker," but holding that the state court undertook a "truncated prejudice inquiry" under the circumstances presented). Petitioner thus cannot establish that counsel's performance was deficient, or that counsel's representation prejudiced Petitioner.

### f. Claim of ineffective assistance of counsel regarding Petitioner's right to a direct appeal.

Petitioner alleges that counsel failed to inform him of his right to appeal after the sentencing hearing. (Motion at 13.) During the plea colloquy, Petitioner told the Court that he had discussed his appellate rights with counsel. (Plea Tr. at 12-14.) The Court also explained to Petitioner the implications of waiving his right of appeal and asked him if he still wanted to waive his appellate

rights; Petitioner responded that he did. (*Id.* at 12-14.) Petitioner's section 2255 motion provides no facts that would overcome the presumption that Petitioner's statements in the plea hearing were truthful. *Butt*, 731 F.2d at 80. At sentencing, the Court informed Petitioner of his right to challenge his waiver of his appellate rights if he believed the waiver was unenforceable. (Sentencing Tr. at 25-26.) Petitioner's allegation that counsel failed, at the conclusion of the sentencing hearing, to explain to Petitioner yet again the right to challenge the waiver of appellate rights, does not amount to either cause or prejudice.

### g. The motion for a sentencing correction and default judgment

Petitioner filed a motion to correct the sentence due to a clerical error, and he subsequently filed a motion for a default judgment in his favor on the motion to correct the sentence. (Motion to Correct the Sentence, ECF No. 118; Motion for Default Judgment, ECF No. 124.) In the motion to correct the sentence, Petitioner alleges that in reviewing his discovery on the day of his appeal deadline, he found a date reference that is inaccurate. (Motion to Correct Sentence at 1.) Specifically, he alleges that law enforcement erroneously stated that "CD-1," who Petitioner alleges was his co-defendant, Peter Risko, had been cooperating since mid-May of 2011, when in fact, he alleges, that cooperation did not start until one year later, in mid-May of 2012. (Motion to Correct the Sentence at 1.) Petitioner contends that due to the error, counsel, the Government and the Court might have been under the impression that Risko had been cooperating for two years prior to Petitioner's sentencing, rather than one year. (*Id.*)[17] Petitioner requests a three-month reduction in his sentence due to the error. (*Id.*)

---

[17] The Government responds to Petitioner's allegation of an error by stating, "[i]f CD-1 was Risko, then [Petitioner] is likely correct that the excerpt of his discovery might contain a typographical error because the record is clear that Risko, [Petitioner] and others were actively engaged in a criminal drug operation during May 2011." (Response, ECF No. 119 at 6.)

Petitioner also requests a default judgment on his motion to correct the sentence, on the mistaken belief that the Government did not file an opposition to the motion. (Motion for Default Judgment at 1.) Contrary to Petitioner's assertion, the Government filed a response to his motion to correct the sentence. (Response, ECF No. 119.) The Government argues that the motion is procedurally barred, untimely, and meritless. (*Id.* at 3.)

First, Petitioner waived his trial and appellate rights and, therefore, the issue is procedurally defaulted. *See Damon*, 732 F.3d at 4. In addition, Petitioner did not file the claim timely because Petitioner could have raised the issue within the one year limitation period set forth in 28 U.S.C. § 2255(f), but he did not.[18] Petitioner's judgment was entered on May 10, 2013, and the judgment became final at the expiration of the appeal period fourteen days later, on May 24, 2013. *See* 28 U.S.C § 2255(f)(1); Fed. R. App. P. 4(b)(1)(A)(i). To comply with section 2255(f)(1), Petitioner would have had to raise the issue by May 24, 2014, but he did not; instead, he filed his motion to correct the sentence on July 31, 2014, which was more than one year after the date of final judgment.[19] Petitioner's claim was not filed timely under section 2255(f)(1).

---

[18] Title 28 U.S.C. § 2255(f) states in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final; . . . [or] (4) the date on which the facts supporting the claim or claims presented could have been discovered though the exercise of due diligence.

[19] Fed. R. Civ. P. 15(c) dos not render the motion timely filed in this case. Rule 15(c) states in pertinent part: "An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; [or] (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out−or attempted to be set out−in the original pleading." Rule 15 "governs amendments to habeas petitions in a § 2255 proceeding." *United States v. Ciampi*, 419 F.3d 20, 23 (1st Cir. 2005). Rule 15 is "strictly construed" in the habeas context. *Id.* (citing *Mayle v. Felix*, 545 U.S. 644 (2005)). "Accordingly, amended habeas corpus claims generally must arise from the 'same core facts,' and not depend upon events which are separate both in time and type from the events upon which the original claims depended. (*Id.* at 24) (citing *Mayle*, 545 U.S. at 656-57). Here, Petitioner's discovery-related claim does not relate back to any of the claims in his initial section 2255 petition.

Section 2255(f)(4), which provides an exception to the one-year limitation period in the event of new evidence, is not applicable. Petitioner alleges that he found the error in some discovery. The Government represents that Petitioner had the discovery before he pled guilty, and Petitioner does not contest the Government's representation. (Response, ECF No. 119 at 5; Reply, ECF No. 120 at 1.) Because Petitioner did not bring this claim within one year of the date on which the evidence "could have been discovered through the exercise of due diligence," section 28 U.S.C. § 2255(f)(4) does not assist Petitioner.

Finally, even if Petitioner is deemed to have filed the motion timely, Petitioner's claim fails on the merits. In support of his argument that the alleged error warrants relief, Petitioner cites to Fed. R. Crim. P. 36, 52(b), and to Fed. R. Civ. P. 60(a). (Motion, ECF No. 118 at 1.) Rule 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." "Rule 36 'applies to straightforward clerical and technical errors; it is not meant to provide an opening for litigation over the merits and is therefore 'generally inapplicable to judicial errors and omissions.'" *United States v. Walker*, 482 F. App'x 601 (1st Cir. 2012) (per curiam) (emphasis omitted) (quoting *United States v. Ranney*, 298 F.3d 74, 81 (1st Cir. 2012)). Petitioner seeks to use an alleged clerical error to revisit his sentence and to obtain a three-month sentence reduction. (Motion, ECF No. 118 at 1.) Petitioner's argument is not based on a clerical error. Rule 36 is thus not applicable.

Rule 52(b) states: "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Rule 52(b) is inapplicable because it does not apply to collateral challenges. *See Frady*, 456 U.S. at 164.

Rule 60(a) states: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." As discussed above with respect to Fed. R. Crim. P. 36, Petitioner's does not simply seek the corrections of a clerical error. Rather, he seeks a reduction of the sentence. Rule 60(a), therefore, is inapplicable.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. The recommendation is that the Court dismiss Petitioner's motions (ECF No. 88, 118, 124), and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of April, 2015.